CINCINNATI TRAC. CO. v. MARIE SANDERS.

1. NEGLIGENCE OF RIDER IN VEHICLE IN FAILING TO WARN DRIVER OF APPROACH OF STREET CAR AT STREET INTERSECTION DEFEATS RECOVERY UNLESS DEFENDANT'S MOTORMAN SAW THE PERIL IN TIME TO AVOID COLLISION.

In an action for personal injuries sustained in a collision between an electric car and a wagon at the intersection of two streets, an admission of plaintiff who was seated with the driver that she saw the car coming nearly half a square away, but she made no attempt to warn the driver, raises a presumption of negligence on her part which would entitle the street railway company to an instructed verdict in its favor, in the absence of testimony that the motorman saw the peril of the plaintiff and failed to exercise proper care to avoid a collision.

2. ORDINARY CARE OF STREET RAILWAY TO DRIVER OF VEHICLE IS ONLY REQUIRED.

Proper care on the part of a motorman meeting vehicles at street intersections is not "to do all he can to avoid a collision," but merely to exercise ordinary care.

3. UNDER GENERAL DENIAL ALLEGATION OF PLAINTIFF'S NEGLIGENCE IS MISLEADING.

Where a defense in an action for negligence is a general denial, an allegation that the accident was due solely to the negligence of the plaintiff serves no good purpose and is misleading.

ERROR to common pleas court.

The defendant in error was riding in a one-horse wagon with a driver, and in crossing Broadway at Eighth street a

car coming from the north on Broadway collided with the wagon and she was thrown from the wagon and injured.

*Kinkead, Rogers & Ellis,* for plaintiff in error.

*Orville K. Jones* and *J. W. O'Hara,* for defendant in error.

**GIFFEN, P. J.**

The admission of plaintiff that while sitting on the seat with the driver she saw the approaching car nearly half a square away, in the absence of any attempt to warn the driver, raises a presumption of negligence on the part of plaintiff which was not removed and entitled the defendant to an instructed verdict, unless there was testimony tending to prove that the motorman as alleged in the petition saw plaintiff's peril and failed to exercise ordinary care to avoid a collision. There was some such testimony and the motion was properly overruled. Upon that issue the negligence of the motorman was the more proximate cause.

It was not his duty, however, as stated in the general charge "to do all he could to avoid such collision." He was required to exercise a proper degree of care under the circumstances, to wit, ordinary care.

The charge of the court on the subject of burden of proof was misleading as the jury may well have inferred that the defendant was required to prove that the accident was due solely to the negligence of the plaintiff or the driver as averred in its answer, although it denied all negligence on its part. Such an answer is itself misleading and serves no good purpose when the defense relied upon is a general denial.

In view of negligence of plaintiff and the want of sufficient evidence of negligence of the motorman after he became aware of the plaintiff's peril, the motion for a new trial should have been granted; also on the ground that the verdict was not sustained by sufficient evidence.

Judgment reversed and cause remanded for a new trial.

**Smith** and **Swing, JJ.,** concur.